■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAVON RICHARDSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered June 3, 1988, convicting him of murder in the second degree, robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on the defendant's motion pursuant to CPL 330.30 (2) to set aside the verdict on the ground of juror misconduct, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, is to file its report with all convenient speed.

It was error for the Supreme Court to summarily deny the

defendant's motion to set aside the verdict on the ground of juror misconduct without first holding a hearing to make findings of fact essential to the determination thereof *(see,* CPL 330.40 [2] [f]). We find that the allegations presented in the moving papers, which included an attorney's affirmation, and which we note, in this case, were sufficient to meet the threshold requirement of CPL 330.40 (2) (a) that the moving papers contain "sworn allegations" of fact, did raise an issue as to whether there had been juror misconduct which may have "affected a substantial right of the defendant" (CPL 330.30 [2]). Accordingly, the matter is remitted to the Supreme Court to hold a hearing on the issue of whether the purported juror misconduct did occur and, if so, whether it "affected a substantial right of the defendant" (CPL 330.30 [2]).

We pass upon no other issue at this juncture. Brown, J. P., Kooper, Harwood and Balletta, JJ., concur.