■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAVON RICHARDSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered June 3, 1988, convicting him of murder in the second degree, robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession

of a weapon in the third degree, upon a jury verdict, and imposing sentence. By decision and order of this court dated May 31, 1991, the case was remitted to the Supreme Court, Kings County, to hear and report on the defendant's motion to set aside the verdict on the ground of juror misconduct (CPL 330.30 [2]), and the appeal was held in abeyance in the interim *(see, People v Richardson,* 173 AD2d 870). The Supreme Court, Kings County (Douglass, J.), has now complied. Presiding Justice Mangano has been substituted for former Justice Brown and Justice Miller has been substituted for the late Justice Kooper *(see,* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed.

At the hearing, the codefendant Jacques Webb's mother, Rose, and her friend, Brenda Wisdom, testified that in midtrial they had overheard Juror Number 3 talk about the case with a friend on a bus, in terms that suggested a predisposition to vote guilty. Juror Number 3 testified, however, that she did *not* discuss the case with anyone, but that Mrs. Webb had accosted her on the bus exclaiming, "my son is innocent". The juror further averred that she formed no opinion about the case until she was deliberating with her fellow jurors. Her verdict was based solely upon "all of the facts that we heard", including a rereading of the codefendant Webb's testimony. We find on this record that the defendant failed to carry his burden of establishing that the alleged misconduct by Juror Number 3 "may have affected a substantial right of the defendant" *(see,* CPL 330.30 [2]; *People v Brown,* 48 NY2d 388; *People v Horney,* 112 AD2d 841; *People v Phillips,* 87 Misc 2d 613, *affd* 52 AD2d 758).

Turning to the alleged trial error, we note that although the trial court's ruling with respect to the scope of the defendant's cross-examination of the People's rebuttal witness was arguably somewhat restrictive, it did not constitute reversible error, particularly since curative instructions were given *(see, People v Gonzalez,* 38 NY2d 208). The defendant's contention that the trial court's jury instruction regarding the voluntariness of the statement made by him to law enforcement officials was incomplete is unpreserved for appellate review *(see,* CPL 470.05 [2]), and, in any event, is without merit.

The defendant's sentence was not excessive. The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Mangano, P. J., Harwood, Balletta and Miller, JJ., concur.