■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINICK T. CIRILLO, Appellant. [607 NYS2d 145] —Crew III, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered December 17, 1991, upon a verdict convicting defendant of the crimes of kidnapping in the first degree, kidnapping in the second degree and assault in the third degree.

Defendant's principal contention on this appeal is that the

People failed to prove that he "abducted" the complainant and that she was "restrained" for a period of more than 12 hours (Penal Law § 135.25 [2]). We disagree.

Abduction means to restrain a person by secreting the person in a place where he or she is not likely to be found (Penal Law § 135.00 [2]), while restrain means to restrict a person's movements in a place where the restriction commences or by moving the person from one place to another and such is accomplished by physical force or intimidation (Penal Law § 135.00 [1]). Here, viewing the evidence in a light most favorable to the People (see, People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932), the complainant was first forcefully secreted in a motel room where defendant had registered under an assumed name from 11:00 P.M. on November 30, 1990 until 11:00 A.M. the following day. During that time, defendant removed the mouthpiece from the telephone so that the complainant could not summon help and struck her with his fist. On December 1, 1990 at about 11:00 A.M., defendant and the complainant left the motel, at which time defendant told the complainant that he would kill her if she cried out or tried to escape. They then entered a borrowed car and picked up an acquaintance of defendant and drove to various places where the acquaintance performed errands for defendant. Defendant had warned the complainant not to speak to defendant's friend or he would kill both of them. After dropping off the acquaintance at his motel, defendant drove aimlessly around the Capital District until 4:00 P.M. when, after continuous pleas from the complainant, defendant pulled up to a remote pay phone and permitted the complainant to call her daughter. When her daughter asked her when she was coming home, the complainant quickly responded, "I'm not. Dominick's got me and won't let me go." Defendant hung up the phone, forced the complainant back in the car and drove through rural Rensselaer County into Massachusetts. Some 19 hours after first restraining the complainant at the motel, defendant pulled up to the drive-through window of a fast-food restaurant in Williamstown, Massachusetts, and ordered food. At that point the complainant jumped from the car and began running and screaming for help.

Quite clearly, this evidence establishes the necessary elements of abduction and restraint (see, People v Salimi, 159 AD2d 658, lv denied 76 NY2d 742; People v Simone-Taylor, 148 AD2d 933, lv denied 74 NY2d 669). The fact, as urged by defendant, that the complainant was momentarily in the presence of a maid when she and defendant left the motel and

in the presence of defendant's acquaintance for a short period of time while driving around the Capital District does not alter the situation. On both occasions the complainant was threatened with death if she attempted to escape or speak out, and the jury obviously credited her testimony that she was too fearful to do either.

We find no merit in defendant's arguments that County Court failed to respond meaningfully to requests by the jury for further instructions during its deliberations and that his sentence was harsh or excessive. Accordingly, the judgment of conviction is affirmed.

Mikoll, J. P., White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.