■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUMAR ANDERSON, Appellant. [620 NYS2d 986] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered September 23, 1992, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed *(see, People v Davis,* 210 AD2d 500 [decided herewith]; *People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Miller, Santucci and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHIL BARNES, Appellant. [620 NYS2d 476] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered April 21, 1992, convicting him of burglary in the second degree, assault in the third degree, criminal contempt in the second degree, and harassment, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt of the crimes of burglary in the second degree and assault in the third degree beyond a reasonable doubt. With regard to the burglary conviction, the defendant had neither a license nor a privilege to enter his mother-in-law's home. Thus, his entry was unlawful *(see, People v Graves,* 76 NY2d 16). With regard to the assault conviction, the victim suffered physical injury within the meaning of Penal Law § 10.00 (9) *(see, People v Rogers,* 138 AD2d 419).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Bracken, J. P., Balletta, Friedmann and Krausman, JJ., concur.