■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE MOON, Appellant. [631 NYS2d 958] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment, following a jury trial, convicting him of kidnapping in the first degree, robbery in the first degree, grand larceny in the third degree and unauthorized use of a motor vehicle in the first degree. The conviction stems from defendant's forcibly abducting a car salesman while on a test drive and transporting him in that stolen vehicle to the State of

Georgia, where he was assaulted, robbed and left unconscious on the side of a road.

The evidence at trial sufficiently established that the victim was "abducted" and "restrained" against his will for a period of more than 12 hours during the trip to Georgia *(see,* Penal Law § 135.25 [2] [a], [b]). The testimony established that the victim was abducted at gunpoint and threatened with physical harm if he did "anything stupid", that his repeated requests to be released were ignored and that he was kept continuously in the presence of either defendant or the accomplice throughout the lengthy automobile ride. Thus, the evidence establishes the necessary elements of abduction and restraint for the requisite statutory period of time *(see,* Penal Law § 135.00 [2]; *People v Cirillo,* 200 AD2d 854, *lv denied* 83 NY2d 850; *People v Salimi,* 159 AD2d 658, 659, *lv denied* 76 NY2d 742). In addition, New York had jurisdiction over the kidnapping offense because conduct occurred within this State sufficient to establish at least one element of such offense *(see,* CPL 20.20 [1] [a]; *People v Rodriguez,* 57 AD2d 746, *cert denied sub nom. Santana v New York,* 434 US 1038).

There is no merit to the contention of defendant that County Court erred in denying his motion to suppress identification testimony because his photograph, which was one of six photographs shown to the complainant, was torn and bent. The photo array portrays six men with similar features. Testimony at the *Wade* hearing established that the cardboard slot containing the photograph of defendant became torn and bent when the complainant initialed the back of that photograph after identifying defendant. Thus, the court properly found that the photo array shown to the victim was not impermissibly suggestive *(see, People v Burns,* 186 AD2d 1015, 1016, *lv denied* 81 NY2d 837).

We reject the argument that the court erred in denying defendant's motion to set aside the verdict because the complainant spoke to a juror out of the presence of the court. The juror averred that, during a break in the trial, he went to a concession stand and while he was standing in line the complainant remarked to him that he liked the juror's hat. The juror responded, "Thank you"; there was no discussion about the trial. Furthermore, the juror averred that the brief conversation had no bearing whatsoever on his judgment or decision. Because defendant failed to establish that the alleged misconduct "may have affected a substantial right", the court properly denied his motion *(see,* CPL 330.30 [2]; *People v Clark,* 81 NY2d 913; *People v Richardson,* 185 AD2d 1001, 1002, *lv denied* 80 NY2d 976).

We have reviewed the other issues raised on appeal and conclude that they are without merit. (Appeal from Judgment of Erie County Court, LaMendola, J.—Kidnapping, 1st Degree.) Present—Pine, J. P., Lawton, Callahan, Balio and Davis, JJ.