■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN E. HRYCKEWICZ, Appellant. [634 NYS2d 297] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of two counts of assault in the second degree (Penal Law § 120.05 [2]) and one count each of kidnapping in the first degree (Penal Law § 135.25 [2] [a]), unlawful imprisonment in the first degree (Penal Law § 135.10) and rape in the first degree (Penal Law § 130.35 [1]). Defendant contends that his kidnapping conviction is not supported by legally sufficient evidence of the elements of abduction, restraint for a period of more than 12 hours and intent to inflict physical injury or to abuse the complainant sexually. Defendant failed to preserve for our review his contention that there is legally insufficient evidence that he restrained the complainant for a period of more than 12 hours because he failed to make a motion to dismiss that was " 'specifically directed' " at that alleged error (People v Gray, 86 NY2d 10, 19). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). We conclude that there is legally sufficient evidence that defendant abducted the complainant and that he abducted her with the intent to inflict physical injury or abuse her sexually (see, People v Dodt, 61 NY2d 408, 415; People v Cirillo, 200 AD2d 854, 855-856, lv denied 83 NY2d 850). Additionally, we conclude that defendant's kidnapping conviction is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495).

Defendant failed to preserve for our review his contention that his rape conviction is not supported by legally sufficient evidence regarding the element of forcible compulsion (see, People v Gray, supra, at 19), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). We conclude that the verdict finding defendant guilty of rape in the first degree is not against the weight of the evidence (see, People v Bleakley, supra).

County Court properly restricted the cross-examination of the complainant regarding her status as a material witness (see, People v Arhin, 203 AD2d 62, 63, lv denied 83 NY2d 908). Moreover, the court's supplemental instructions to the jury did not render duplicitous defendant's conviction of assault in the second degree under count six of the indictment (see generally, People v Keindl, 68 NY2d 410, 417-418, rearg denied 69 NY2d 823; People v Charles, 61 NY2d 321, 327-328).

The admission of expert testimony regarding rape trauma

syndrome, learned helplessness syndrome and battered woman syndrome was proper "to explain behavior on the part of the [complainant] that might seem unusual to a lay jury unfamiliar with the patterns of response exhibited" by a person who has been physically and sexually abused over a period of time *(People v Bennett,* 79 NY2d 464, 471; *see, People v Taylor,* 75 NY2d 277, 292-293; *cf., People v Knupp,* 179 AD2d 1030). Contrary to the contention of defendant, that testimony did not bear "solely on proving that a [kidnapping] had occurred" *(People v Bennett, supra,* at 473).

Lastly, we decline to exercise our power to modify defendant's sentence as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [b]). In light of the vicious nature of the crimes, the sentence is warranted. (Appeal from Judgment of Oneida County Court, Buckley, J.—Rape, 1st Degree.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.