■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT HODGINS, Appellant. [715 NYS2d 814] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the evidence is legally insufficient to support the conviction of burglary in the second degree (Penal Law § 140.25 [2]). The evidence, viewed in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621), establishes beyond a reasonable doubt that the entry by defendant into his cousin's cabin was unlawful (*see, People v Barnes,* 210 AD2d 491, *lv denied* 85 NY2d 906); the cabin is a "dwelling" as defined in Penal Law § 140.00 (3) (*see, People v Sheirod,* 124 AD2d 14, 17-18, *lv denied* 70 NY2d 656); and defendant intended to commit a crime when he entered the cabin (*see, People v Mitchell,* 254 AD2d 830, 831, *lv denied* 92 NY2d 984). We also reject defendant's contention that the evidence is legally insufficient to support the conviction of unlawful imprisonment in the second degree (Penal Law § 135.05; *see, People v Boyd,* 122 AD2d 273, 275). County Court properly permitted the People to introduce expert testimony regarding learned helplessness syndrome and battered woman syndrome (*see, People v Hryckewicz,* 221 AD2d 990, 990-991, *lv denied* 88 NY2d 849). Defendant's contention that the court's burglary charge is erroneous is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The sentence is not unduly harsh or severe. (Appeal from Judgment of Oneida County Court, Dwyer, J.—Burglary, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Pine, Balio and Lawton, JJ.