■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIM D. SHARPE, Appellant. [744 NYS2d 606] —Appeal from a judgment of Oneida County Court (Dwyer, J.), entered September 28, 2000, convicting defendant after a jury trial of promoting prison contraband in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of promoting prison contraband in the first degree (Penal Law § 205.25 [2]), defendant contends that the verdict is against the weight of the evidence. We disagree. The People established that, during a routine sweep of defendant's jail cell, a guard observed that the caulking on the window of the cell had been removed from the window and reattached with toothpaste. When the guard removed the

caulking, he observed a "hole punched to the outside" of the window. Directly outside the window, he observed several metal objects that could be used as weapons, and he confiscated those objects as "dangerous contraband." The People established that defendant had been the exclusive occupant of that cell for seven months prior to discovery of the contraband. Moreover, by defendant's admission, there had been approximately six prior unannounced searches of the cell. No contraband was discovered during those searches, nor did the jail guards observe any tampering with the window. The jury did not fail to give the evidence the weight it should be accorded on the issue of defendant's knowing and unlawful possession of the contraband (*see People v Thompson,* 279 AD2d 642; *People v Livingston,* 262 AD2d 786, 787-788, *lv denied* 94 NY2d 881; *see generally People v Bleakley,* 69 NY2d 490, 495).

Defendant further contends that he was denied a fair trial by juror misconduct based on the alleged failure of the juror to disclose the fact that he previously had worked with defendant and defendant's brother. Even assuming, arguendo, that the juror failed to disclose that information, we conclude that defendant failed to sustain his burden of demonstrating that the juror thereby engaged in improper conduct out of the presence of County Court that may have affected a substantial right of defendant and that was not known to defendant before the verdict was rendered (*see* CPL 330.30 [2]). In any event, the record establishes that the juror did not fail to disclose the fact that he previously had worked with defendant and defendant's brother. Instead, it was defendant who, according to the evidence adduced at the CPL article 330 hearing, failed to confirm the juror's revelation and failed to disclose, until after the verdict (*see People v Cipriani,* 267 AD2d 595, 596, *lv denied* 95 NY2d 833, *cert denied* 531 US 1092), his prior relationship with the juror. Under the circumstances, the juror may not be charged with "improper conduct * * * which may have affected a substantial right of the defendant and which was not known to the defendant prior to the rendition of the verdict" (330.30 [2]; *see People v Brown,* 278 AD2d 920, *lv denied* 96 NY2d 781; *see also People v Moon,* 219 AD2d 817, 818, *lv denied* 87 NY2d 905; *People v Richardson,* 185 AD2d 1001, 1002, *lv denied* 80 NY2d 976).

Defendant's claims of ineffective assistance of counsel *concern matters outside the record on appeal* and thus are neither the proper subject of a CPL article 330 motion nor reviewable on this direct appeal (*see People v Vann,* 288 AD2d 876, 877, *lv denied* 97 NY2d 709; *People v Drumgoole,* 234 AD2d

888, 889, *lv denied* 89 NY2d 1011). Present—Pine, J.P., Wisner, Kehoe, Gorski and Lawton, JJ.