OPINION OF THE COURT
Norman St. George, J.
*798 The defendant, Cedric White, was arrested and subsequently-arraigned on a charge of assault in the third degree in violation of Penal Law § 120.00 (1). The People moved in limine for a ruling allowing them to call an expert witness on domestic violence to testify on their direct case regarding the “battered woman syndrome” (hereinafter referred to as BWS).
Background
The complainant and the defendant dated periodically for a period of time encompassing the past 13 years. The instant charge stems from August 25, 2003, when the defendant is alleged to have picked up the complainant, thrown her over a couch, pushed her to the ground, and stomped on her groin, thereby causing her to allegedly suffer bruised ribs and a fractured coccyx.[1]
In support of their application, the People detail the complainant’s allegations of physical and psychological abuse by the defendant over a prolonged period of time.[2] Included are a litany of alleged violent acts directed at her by the defendant, from 1991 to 2003. The alleged violence included threatening to kill the complainant on numerous occasions, repeatedly beating her, urinating on her, various acts of forcible sex, and constant berating of her. Although these acts occurred over a period of 13 years, except for brief sporadic periods of separateness, the complainant did not leave the defendant nor immediately seek protection from the police. All of the prior alleged violent acts were also the subject of the People’s Molineux application, which was separately decided.
The charges contained in the criminal complaint before this court allegedly occurred on August 25, 2003. The complainant did not report the alleged crime to the police on August 25, 2003. On October 19, 2003, after other alleged incidents, the complainant reported this charge to the police along with four *799 additional charges. Thereafter, on November 6, 2003, the defendant was arrested for the above-listed crimes.
The People are prepared to proceed to trial, and in so doing, argue that expert testimony would aid the jury in the understanding of the complainant’s delay in reporting the August 25th incident. Further, the People specifically emphasized that their expert would be called to give an opinion in support of their contention that the complainant suffers from battered woman syndrome. The People claim that the expert’s testimony will “explain why the defendant abused [the complainant] in front of another [prior victim of his abuse],”[3] and that the expert’s testimony is “necessary to explain why the complainant waited nearly three months to report this incident.” The People contend that the expert testimony is relevant to explain the psychological effects of the defendant’s abuse toward the complainant and her “perplexing behavior patterns,” in essence, her continuous contact with the defendant.[4]
The defendant opposes the calling of the expert, arguing, in essence, that the expert’s testimony is not appropriate since the complainant was not a battered woman, but, instead, a scorned woman, who had engaged in false accusations because of her baseless belief of the defendant’s infidelity and/or unexplained whereabouts. In addition, defendant seeks to preclude the BWS expert as inapplicable since the parties were neither married nor living together and defendant claims that the complainant was the aggressor. Defendant’s second argument that BWS testimony is inapplicable in this case because the parties were neither married nor living together is completely without merit. This court is not aware of any study or requirement indicating that BWS only relates to parties that are married or live together.
Discussion
The principal question presented in this domestic violence case is whether this court should permit the People to introduce expert testimony on their direct case on the subject of the battered woman syndrome in order to explain the conduct of the *800 complainant in response to the alleged assault, specifically her delay in reporting the alleged incident for approximately nine weeks. The Court of Appeals has long held that the “admissibility and bounds of expert testimony are addressed primarily to the sound discretion of the trial court.” (People v Cronin, 60 NY2d 430, 433 [1983], citing Selkowitz v County of Nassau, 45 NY2d 97 [1978].) The “battered woman syndrome” has been described as “a series of common characteristics found in women who are abused both physically and emotionally by the dominant male figures in their lives over a prolonged [period] of time.” (See People v Ellis, 170 Misc 2d 945, 950 [Sup Ct, NY County 1996].)
A thorough review of New York case law regarding BWS found that there have been only few written decisions where a court has ruled on whether expert testimony regarding BWS is admissible. Typically, BWS is advanced by defendants to assist the jury in evaluating the reasonableness of force used in self-defense wherein the proponent of the testimony, the defendant, is charged with a crime. Only a few New York courts have discussed the use by the prosecution on their direct case of an expert regarding BWS. (See People v Seeley, 186 Misc 2d 715, 720-721 [2000].) In People v Ellis (170 Misc 2d 945 [1996]), the court granted the People’s motion to call an expert witness on domestic violence to testify in regard to BWS in order to aid the jury in its understanding of the complainant’s recantation. This court finds that the use by the People of a BWS expert to explain a complainant’s complete recantation of the charges is dramatically different than the use to explain a delay in reporting the alleged crime.
New York courts have generally adopted the following tests for admissibility of BWS expert testimony at trial: (1) whether the evidence presented by the expert witness has the required scientific basis for admission, (2) whether the jurors are not able to evaluate and draw conclusions from the evidence based on their day-to-day experiences, their common observation and their knowledge, and would benefit from the specialized knowledge of an expert witness, and (3) whether the probative worth of the expert’s testimony outweighs the possibility of undue prejudice to the defendant or interferes with the jury’s province to determine credibility. (See People v Ellis, 170 Misc 2d at 948-949; Fisch, New York Evidence § 412 [2d ed 1977].) In permitting the expert testimony on BWS, courts limit the testimony and prohibit the People from allowing the expert to opine that *801 the complainant is a battered woman because of the profound danger that the jury will infer from the BWS testimony that the defendant committed the crime charged or that the jury will unduly use BWS testimony to improperly bolster the complainant’s credibility. (See People v Bennett, 79 NY2d 464, 473; People v Humphrey, 13 Cal 4th 1073, 1088 n 5, 921 P2d 1, 10 n 5.)
Various other courts have allowed the People to introduce expert testimony about BWS to explain a recantation, a prior inconsistent statement, or unusual behavior. (See Arcoren v United States, 929 F2d 1235, 1238-1241 [1991]; People v Ellis, supra, 170 Misc 2d at 950; People v Hryckewicz, 221 AD2d 990, 991 [1995].)
The People herein seek to introduce expert testimony on BWS on their direct case for the following stated reasons: to explain the delay in reporting the assault, repeated reconciliations with the defendant after the beatings, and why she believed the defendant’s threats to kill her if she reported this incident. As this court in its Molineux ruling has denied the introduction of the various alleged uncharged crimes in the instant prosecution, the only surviving inquiry relates to the delay in the complainant’s reporting.
Although, the admission of expert testimony regarding battered woman syndrome, rape trauma syndrome, and learned helplessness syndrome has been held to be proper “ ‘to explain behavior on the part of the [complainant] that might seem unusual to a lay jury unfamiliar with the patterns of response exhibited’ by a person who has been physically and sexually abused over a period of time” (see People v Hryckewicz, 221 AD2d 990, 991 [1995], qouting People v Bennett, 79 NY2d 464, 471 [1992]; see also People v Taylor, 75 NY2d 277, 292-293 [1990]), this court finds none of the facts apparent in this particular case outside of a jury’s common sense and logic, and therefore, sees no reason for permitting the People to present testimony on BWS on their direct case.[5] This court finds a marked difference between the facts of this case versus the use of this type of expert testimony in rape cases and in cases where it is used to explain a child’s delay in reporting sexual abuse to rebut an inference that the victim was not abused. In the former, the testimony of an expert regarding rape trauma syndrome is inherently different from the assault case presented here. *802 Expert testimony regarding rape trauma syndrome directly relates to the charge before the jury and does not infer past uncharged crimes. In the latter, the danger that a jury may misconstrue the actions and behavior of a child are far greater than the dangers presented when an adult testifies.
The People contend that permitting them to introduce expert testimony on BWS in their case-in-chief would be helpful to the jury’s understanding of the victim’s perceptions and behavior. The People fail to evaluate the prejudicial impact of the testimony on the defendant. This court holds that expert testimony on battered woman syndrome is inadmissible as a matter of law where it is used as an affirmative weapon against a defendant. Furthermore, the conflict with the admission of this testimony is that it violates the protections provided to the defendant and contradicts this court’s Molineux ruling. In particular, the facts of this case focus on allegations of assault which were not reported immediately by the complainant. A juiy is well within their bounds and exercise of common sense to evaluate the complainant’s testimony regarding the facts and circumstances surrounding the alleged incident as well as her minimal delay in reporting.
Although this court acknowledges that there does exist varying misconceptions regarding battering relationships, this court does not believe any such potential lack of understanding in this particular case is sufficient grounds for admitting expert testimony which otherwise has only limited probative value but substantial prejudicial impact on the defendant. Simply put, if a BWS expert is permitted to give testimony in this particular case and begins by detailing the symptoms experienced by a “battered woman” or person, this leads to the inference that (1) the complainant is a battered woman, and (2) the defendant committed prior acts of violence against the complainant.[6] This, in essence, gives rise to the jury determining that the defendant has a propensity to commit domestic violence against this complainant. Finally, the complainant’s state of mind is not at issue here, nor is proof that the defendant is a batterer or that the defendant and the complainant were involved in a battering relationship. Expert testimony regarding the symptoms of a battered person leads to the unavoidable conclusion that the complainant suffers from BWS, which presupposes and specu *803 lates on the existence of a batterer. Since there is no evidence that any other person other than the defendant was involved in a relationship with the complainant during the relevant time period, such testimony amounts to an opinion that the defendant was and is in fact a batterer.
Decision
After reviewing both the People’s memorandum of law and the defendant’s memorandum in opposition, and considering counsel’s arguments on both sides of the issue, this court will not permit the People’s proposed expert to testify on their direct case regarding battered woman syndrome. In sum, expert testimony on battered woman syndrome should be admissible only to address an issue that is inherently confusing to the jury and when there is no other evidence to address it. This court finds that the admission of any such testimony is not necessary to aid the trier of fact in this case in assessing the circumstances surrounding the relatively minimal delay in the complainant’s reporting of the instant alleged offense, and finds the probative value outweighed by the prejudicial impact. As such, the People are precluded from introducing such evidence on their direct case.[7]

. Also before this court are the following incidents, all of which are pending under unconsolidated docket numbers: (1) September 1, 2003 — defendant is alleged to have taken the complainant’s motorcycle and retained it without permission or authority; (2) September 13, 2003 — defendant is alleged to have made numerous telephone calls to the complainant, removed her cell phone, and threatened to slash her face; (3) September 19, 2003 — defendant is alleged to have made approximately 30 telephone calls, wherein he threatened to directly hurt the complainant; (4) September 20, 2003 — defendant is alleged to have made numerous phone calls to the complainant wherein he threatened to get the complainant.

. See People’s mem of law in support of Molineux application/VbiiwwgAa affidavit para 8.

. In fact, the People steadfastly explain that the expert has not met, spoken to, heard or read testimony of or evaluated the complainant.

. According to the People, this “perplexing behavior pattern” includes incidents where the complainant dropped charges, took the defendant back after frequent physical and mental abuses, called and visited the defendant in jail, and engaged in consensual sex with the defendant even after being viciously beaten by him. (See People’s mem of law in support, June 21, 2004.)

. Moreover, this court notes that both parties have the obvious and invaluable ability to inquire into the particular beliefs of the prospective juries regarding these most evident domestic violence issues during voir dire.

. The BWS expert testimony would inevitably give credence to the complainant’s credibility and corroborate her testimony on the issue of whether the defendant assaulted her on the date in question.

. However, should the defendant raise the issue of the delay in reporting by the complainant as an attack on the complainant’s credibility, this court will allow the People to renew their application to permit the expert testimony on BWS on a rebuttal case.