■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL THOMAS, Also Known as RONALD WILLIAMS, Appellant. [806 NYS2d 831]—

Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered August 15, 2003. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree, criminal possession of stolen property in the fifth degree and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him after a jury trial of, inter alia, burglary in the third degree (Penal Law § 140.20), defendant contends that the verdict is against the weight of the evidence. We reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The loss prevention investigator of the store at issue testified that he observed an individual on the store surveillance monitor enter the store after cutting the surrounding fence. The individual removed merchandise from a shelf, placed it onto a cart, and pushed it outside the fence, whereupon defendant was immediately apprehended by the police. The loss prevention investigator identified defendant as the individual he viewed on the monitor, and the surveillance tape was played for the jury. Contrary to defendant's contention, it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see generally id.*).

We reject the further contention of defendant that Supreme Court erred in denying his motion pursuant to CPL 330.30 (2) without conducting a hearing. CPL 330.30 (2) concerns improper conduct of a juror out of the presence of the court. In support of his motion, defendant contended that a juror failed to disclose during voir dire that he previously had been incarcerated with defendant and thus engaged in improper conduct out of the presence of the court that may have affected a substantial right of defendant (*see* CPL 330.30 [2]; *see generally People v Maragh*, 94 NY2d 569, 573 [2000]). Because voir dire occurred in the presence of the court, defendant failed to allege that the juror engaged in any improper conduct "out of the presence of the court" (CPL 330.30 [2]; *see People v Sharpe*, 295 AD2d 957, 958 [2002]), and thus defendant failed to establish a legal basis for his motion (*see* CPL 330.40 [2] [e] [i]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Pine, Lawton and Hayes, JJ.