OPINION OF THE COURT
Gerald Lebovits, J.
In this holdover proceeding, petitioner alleges that respondent, Sonya Thorpe, a Section 8 tenant, violated her lease by creating a nuisance. According to petitioner’s notice of termination, respondent engaged in illegal and violent behavior during domestic disputes. Petitioner alleges that respondent stabbed John Capers on April 1, 2008, in one of numerous disturbances she allegedly created in and around the building.
Respondent denies these allegations and instead claims that Capers engaged in domestic violence against her. Invoking two clauses of the federal Violence Against Women and Department of Justice Reauthorization Act of 2005 (VAWA 2005), signed into law on January 5, 2006, to remedy abuses in which landlords tried to evict domestic-violence victims (see Lenora M. Lapidus, Doubly Victimized: Housing Discrimination Against Victims of Domestic Violence, 11 Am U J Gender Soc Pol’y & L 377 [2003] [documenting abusive practices and citing strict-liability regulations that allowed domestic-violence victims to be evicted]; Tara M. Vrettos, Note, Victimizing the Victim: Evicting Domestic Violence Victims from Public Housing Based on the Zero-Tolerance Policy, 9 Cardozo Women’s LJ 97, 102 [2002] [same]; Veronica L. Zoltowski, Note, Zero Tolerance Policies: Fighting Drugs or Punishing Domestic Violence Victims?, 37 New England L Rev 1231, 1266-1267 [2003] [same]), respondent argues in this motion for summary judgment under CPLR 3212 that VAWA 2005 forbids petitioner to terminate her federal-government-assisted Section 8 tenancy.
Respondent’s motion is granted.
Both petitioner and respondent agree that a violent incident occurred at 420 East 102nd Street, the subject premises, and *180 that the New York Police Department and Emergency Medical Service responded to it. Both petitioner and respondent also agree that Capers told a security guard that he was stabbed. Respondent admits that Capers told the police that she stabbed him but denies that she stabbed anyone on the date in question and further claims that she was a victim of domestic violence, not the aggressor, as petitioner claims.
Respondent asserts that as a victim of domestic violence, she deserves VAWA’s protection. According to VAWA 2005 (42 USC § 1437f [c] [9] [B]; [C] [i]), an incident of domestic violence or criminal activity relating to domestic violence will not be construed to violate a public-housing or government-assisted lease and shall not be good cause to terminate a public-housing or government-assisted tenancy (such as a Section 8 tenancy) if the tenant is the victim or threatened victim of that domestic violence. (See American Civil Liberties Union, New Federal Law Forbids Domestic Violence Discrimination in Public Housing, Jan. 25, 2006, at http://www.aclu.org/womensrights/violence/ 23929res20060125.html [accessed Dec. 25, 2008] [explaining contours of VAWA 2005 as they affect eviction proceedings].) VAWA’s goal is to prevent a landlord from penalizing a tenant for being a victim of domestic violence. (See generally Kristen M. Ross, Note, Eviction, Discrimination, and Domestic Violence: Unfair Housing Practices Against Domestic Violence Survivors, 18 Hastings Women’s LJ 249, 262-264 [2007]; Elizabeth M. Whitehorn, Comment, Unlawful Evictions of Female Victims of Domestic Violence: Extending Title VIPs Sex Stereotyping Theories to the Fair Housing Act, 101 Nw U L Rev 1419, 1423 [2007].) Respondent argues that because petitioner’s allegations of nuisance are based solely on acts of domestic violence committed against her, VAWA 2005 prevents her tenancy from being terminated.
VAWA 2005 (42 USC § 1437f [c] [9] [B]) provides that
“An incident or incidents of actual or threatened domestic violence . . . will not be construed as a serious or repeated violation of the lease by the victim or threatened victim of that violence and shall not be good cause for terminating the assistance, tenancy, or occupancy rights of the victim of such violence.”
VAWA 2005 (42 USC § 1437f [c] [9] [C] [i]) also provides that “[c]riminal activity directly relating to domestic violence . . . engaged in by a . . . guest . . . shall not be cause for termina *181 tion of assistance, tenancy, or occupancy rights if the tenant . . . is the victim or threatened victim of that domestic violence . . .
The movant on a motion for summary judgment bears the burden of presenting evidentiary proof in admissible form to establish a prima facie showing an entitlement to a judgment as a matter of law. (E.g. GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965, 967 [1985] [“A (party) moving for summary judgment has the initial burden of coming forward with admissible evidence, such as affidavits by persons having knowledge of the facts, reciting the material facts and showing that the cause of action has no merit”].) Summary judgment should be granted in the movant’s favor only when a defense or cause of action is sufficiently established to warrant the court to direct judgment. (CPLR 3212 [b].)
To defeat a motion for summary judgment, the opposing party must “show facts sufficient to require a trial of an . . . issue of fact.” (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; CPLR 3212 [b].) The rule allows flexibility for the party opposing the motion. The opposing party may present evidentiary proof that falls short of the strict requirement to tender evidence in admissible form. An opposing party that does not produce evidentiary proof in admissible form sufficient to require a trial on material questions of fact must offer an acceptable excuse for its failure to meet the requirements of tender in admissible form; mere conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient. (Zuckerman, 49 NY2d at 562; Johnson v Phillips, 261 AD2d 269, 270 [1st Dept 1999]; see also Shaw v Looking Glass Assoc., LP, 8 AD3d 100, 103 [1st Dept 2004] [“(C)onclusory assertions tailored to meet statutory requirements . . . are insufficient to rebut defendants’ prima facie showing”].)
As the movant for summary judgment, respondent asks this court to consider the entire history between her and Capers as proof that she is a domestic-violence victim. She submits evidence of complaint reports she filed with the New York Police Department in November 2006, January 2007, and February 2007, along with an order of protection she obtained against Capers in March 2007 from the New York City Criminal Court. Respondent also submits evidence that the New York District Attorney’s Office declined to prosecute her for allegedly stabbing Capers in April 2008. Respondent submits her evidence to raise an inference that Capers was the aggressor in April 2008 *182 and that, as the past would show, she, as in November 2006, January 2007, and February 2007, was once again the victim of domestic violence, and hence protected by VAWA 2005 (42 USC § 1437f).
Respondent and Capers’s history may not be used to show respondent’s propensity to stab Capers. The acts of domestic violence committed against respondent resulting in police reports and the Criminal Court protection order against Capers are relevant, however, to offer in proving necessary background information in establishing a pattern of domestic violence in which respondent is a victim. (See People v Demchenko, 259 AD2d 304 [1st Dept 1999] [“Defendant’s prior acts of domestic violence against the complainant, resulting in the order of protection violated by defendant in this case, were properly admitted ... to provide necessary background information”].)
Respondent’s affidavit, specifically her recollection of the April 2008 stabbing, identifies herself as the victim. Respondent states that an intoxicated and disheveled Capers arrived at her apartment and, despite her telling him to leave, forced his way into her apartment and assaulted her. During the assault, Capers threw respondent into a bathroom cabinet, causing glass to shatter on both of them, and that Capers injured himself on the glass. Respondent’s affidavit about the incident is admissible because she is a person with knowledge of the relevant facts. Respondent’s affidavit, police incident reports, and a judge-decreed protection order from Criminal Court against Capers depict respondent as the victim of domestic violence and shifts the burden of proof to petitioner to allege otherwise. Petitioner must show that its causes of action have merit and that triable issues of fact warrant a trial.
Petitioner submits an affidavit by Miriam Velette, petitioner’s property manager, and a security guard’s incident report dated April 2, 2008, in opposition to respondent’s motion for summary judgment. Velette alleges that she is involved in the daily management and oversight of petitioner’s properties and that even after Criminal Court granted the order of protection in March 2007, respondent gave Capers ongoing access to the building several times. Velette further alleges that respondent used obscenities when building security denied Capers access onto the subject premises and that “there have been several instances where the respondent has engaged in loud fighting, yelling, and screaming with Mr. John Capers who is apparently the respondent’s ex-husband/boyfriend.” Velette also claims that re *183 spondent stabbed Capers on April 1, 2008, causing him serious harm, and that this violent conduct shows her to be a threat to the safety of the other tenants in the building.
Velette fails to give the court a time frame for any of the alleged prior disputes between respondent and Capers. Moreover, besides indicating that she does not have first-hand knowledge of the couple’s relationship by using words like “apparently” and besides basing her reasoning on hearsay, her statement is ambiguous. A party’s acts of domestic violence can be admissible to establish a party’s status, even if established solely by testimony, if relevant “to establish . . . motive [and] intent and [to] provide appropriate background.” (People v Meseck, 52 AD3d 948, 950 [3d Dept 2008].) Nowhere in Velette’s affidavit or in petitioner’s opposing papers as a whole is any evidence that the prior disputes were the fault of or initiated by respondent. Rather, the only evidence that respondent poses a threat to the tenants of the building or that her conduct is an ongoing nuisance is Velette’s single, generalized, and neutral statement that these alleged “several instances” are a “threat to the tenants” of the building. Petitioner fails to offer any documentation to establish a triable issue of fact for any of the allegations, such as hospital records, injury-aided reports, police reports, affidavits from the security guard, Capers, or other tenants or employees, or affidavits from anyone describing the tumultuous relationship between respondent and Capers.
Velette’s statement that respondent stabbed Capers is unsubstantiated and conclusory. Velette is a person not familiar with the relevant facts. She was absent during the stabbing and she does not say how she concluded that respondent stabbed Capers. She did not witness any of the alleged prior disputes and provides no reliable basis to explain how she obtained her information. Her affidavit is a conclusory statement based solely on hearsay that does not fall under any of the hearsay exceptions. Her unsubstantiated and conclusory affidavit is merely an attempt to find 42 USC § 1437f inapplicable to this case.
Petitioner’s security guard, Specialist R. Ward, identifies respondent and Capers in his incident report as a person involved in the stabbing. In his report, Ward claims that an anonymous tenant told him a man had fallen on the grounds and that when Ward spoke to Capers, Capers told him that “he had been stabbed.” Ward’s report, not even an affidavit, is also hearsay because Ward is not knowledgeable of the relevant facts. He arrived after Capers had already been injured. He did not see *184 what happened. Respondent is not identified as the assailant by the anonymous tenant who reported the incident, by Capers, or by Ward himself. The only mention of respondent in the incident report concerns the March 2007 protection order respondent obtained from Criminal Court and the alleged ongoing disputes between the respondent and Capers.
Petitioner submits proof in inadmissible form and fails to demonstrate an acceptable excuse for its failure to meet the requirements of tender in admissible form. Petitioner does not suggest that it engaged in a good faith attempt to obtain additional evidence or establish a reasonable nexus to prove that respondent stabbed Capers. All that petitioner offers into evidence to defeat respondent’s motion is a property manager’s affidavit containing conclusory statements and an unsworn incident report based on hearsay filled out by a security guard responding in the aftermath. Petitioner alleges that respondent lacks credibility but itself presents no evidence to discredit her or her affidavit and ultimately bases all its allegations that respondent is a nuisance and a threat to the tenants of the subject premises on inadmissible hearsay and prior, ambiguous, unspecific, undated acts.
Even if petitioner’s evidence were not based on hearsay and conclusory statements, the court would find that the supposed stabbing incident is a domestic dispute and that respondent is a victim or a threatened victim of domestic violence. Although petitioner alleges that respondent allowed Capers access to the subject premises shortly after obtaining a protection order, her behavior, even if true, does not determine that respondent was not a victim of domestic abuse. The battered woman syndrome, a well-established concept in law and science, explains the concept of anticipatory self-defense and seemingly inconsistent victim behavior. (E.g. People v Torres, 128 Misc 2d 129, 135 [Sup Ct, Bronx County 1985].) The battered woman syndrome explains the behavioral pattern of abused women and how the abuse affects their conduct. (People v Hryckewicz, 221 AD2d 990, 991 [4th Dept 1995].) The syndrome is “ ‘a series of common characteristics found in women who are abused both physically and emotionally by the dominant male figures in their lives over a prolonged length of time.’ ” (People v Ellis, 170 Misc 2d 945, 950 [Sup Ct, NY County 1996], quoting Christine Emerson, United States v Willis: No Room for the Battered Woman Syndrome in the Fifth Circuit?, 48 Baylor L Rev 317, 320 [1996].) One “characteristic is that ‘[i]f charges are filed, *185 the battered woman may change her mind about prosecuting the batterer and withdraw her complaint, refuse to testify as a witness, or recant.’ ” (Id., quoting Joan M. Schroeder, Using Battered Woman Syndrome Evidence in the Prosecution of a Batterer, 76 Iowa L Rev 553, 560 [1991].)
Respondent might have changed her mind after she obtained the March 2007 protection order and allowed Capers access to the subject premises. Unrepresentative and inconsistent victim behavior toward an alleged aggressor fits into the cycle of domestic violence. Domestic violence is cyclical in nature. The battered woman’s inconsistent behavior allows the victim to anticipate oncoming violence and entices her to remain with her abuser after the violence ends. (Id., citing Joann D’Emilio, Battered Woman’s Syndrome and Premenstrual Syndrome: A Comparison of Their Possible Use as Defenses to Criminal Liability, 59 St John’s L Rev 558, 563-564 [1985].) Respondent’s seemingly inconsistent behavior toward Capers, even if true, characterizes a battered woman.
Respondent’s motion for summary judgment is granted. Because the only admissible evidentiary proof submitted is respondent’s affidavit, the court rests its decision on the factual scenario she presents. Petitioner failed properly to raise a triable issue of fact about whether respondent was a victim or aggressor. Accordingly, the court finds that respondent was a victim of domestic violence. As such, VAWA 2005 forbids petitioner to terminate respondent’s Section 8 tenancy. Respondent is either a victim of incidents of domestic violence under 42 USC § 1437f (c) (9) (B) or a victim of criminal activity relating to domestic violence under 42 USC § 1437f (c) (9) (C) (i).
The petition is dismissed.