**THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PERKINS, Appellant.** [890 NYS2d 528]—

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification and credibility. Defendant was reliably identified by crime victims, inculpated by an acquaintance, and connected to the crimes by extensive circumstantial evidence including cell phone records. The physical injury element of first-degree burglary was established by evidence that defendant hit the victim on the nose with a pistol and knocked her down, causing bruising and pain in her nose and shoulder which led her to take pain relievers for a week. The jury could reasonably infer that these injuries caused "more than slight or trivial pain" (*People v Chiddick*, 8 NY3d 445, 447 [2007]), and went beyond "petty slaps, shoves, kicks and the like" (*Matter of Philip A.*, 49 NY2d 198, 200 [1980]).

The court properly denied defendant's suppression motion. Defendant's sister consented to a search of her apartment, where defendant had been temporarily living. In a closet, the police found an imitation pistol, along with clothing belonging to defendant, wrapped in a bedsheet. For the first time on appeal, defendant argues that his sister lacked actual or apparent authority to consent to a search of this bundle, which he characterizes as a container holding his personal belongings (*see People v Gonzalez*, 88 NY2d 289 [1996]). Defendant's only suppression argument was that the seizure was the fruit of an unlawful arrest. Accordingly, the People were never placed on notice of any need to develop the record as to the status of the bundle and the sister's actual or apparent authority to consent to its examination by the police (*see People v Martin*, 50 NY2d 1029 [1980]; *People v Tutt*, 38 NY2d 1011 [1976]). While the hearing court stated in its decision that the sister had authority to consent to a search of her *apartment*, that did not "expressly decide[ ]" (CPL 470.05 [2]) the issue presented on appeal. Moreover, even the court's limited ruling on the question of consent was not made in response to a protest by a party (*see People v Colon*, 46 AD3d 260, 263 [2007]). We decline to review this unpreserved issue in the interest of justice. As an alternative holding, we find that, to the extent the hearing record permits review, it establishes that the sister possessed, or at least reasonably appeared to possess, common authority with defendant over the closet and its contents, including the bundled bedsheet (*see People v Loomis*, 17 AD3d 1019 [2005], *lv denied* 5 NY3d 830 [2005]; *People v Castillo*, 131 AD2d 495, 496 [1987], *lv denied* 70 NY2d 749 [1987]).

We find the sentence excessive to the extent indicated. Concur—Gonzalez, P.J., Friedman, McGuire, DeGrasse and Manzanet-Daniels, JJ.