■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLON BLACK, Appellant. [899 NYS2d 644]—Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered March 11, 2008, convicting him of attempted robbery in the first degree, attempted robbery in the second degree, criminal possession of a weapon in the third degree, assault in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court properly denied, without a hearing, the defendant's motion to set aside the verdict pursuant to CPL 330.30 (2), based upon alleged juror misconduct (*see People v Samandarov*, 13 NY3d 433, 437-438 [2009]; *People v Thomas*, 24 AD3d 1242, 1243 [2005]).

The defendant's contention that the evidence was legally insufficient to support the convictions of attempted robbery in the first degree and attempted robbery in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing

the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), the evidence was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of both attempted robbery in the first degree (*see* Penal Law §§ 110.00, 160.15 [3]; *People v Jackson*, 59 AD3d 637, 638 [2009]; *People v Killings*, 55 AD3d 852 [2008]) and attempted robbery in the second degree (*see* Penal Law §§ 110.00, 160.10 [2] [a]; *People v Chiddick*, 8 NY3d 445 [2007]; *People v Perkins*, 68 AD3d 494 [2009]). The evidence also was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of criminal possession of a weapon in the third degree (*see* Penal Law § 265.02 [1]; *People v Shakespeare*, 63 AD3d 861 [2009]). Mastro, J.P., Eng, Belen and Austin, JJ., concur.