# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

532

KA 10-00699

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ANTHONY C. LAMAR, DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered February 1, 2010. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the facts, the indictment is dismissed and the matter is remitted to Orleans County Court for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the second degree (Penal Law § 160.10 [1]). Contrary to defendant's contention, we conclude that the conviction is supported by legally sufficient evidence (*see generally People v Hines*, 97 NY2d 56, 62, *rearg denied* 97 NY2d 678; *People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), however, we agree with defendant that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Where, as here, a different finding from that reached by the jury would not have been unreasonable, we must " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*id.*), and then we must "decide[] whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*Danielson*, 9 NY3d at 348).

The indictment alleged that defendant and the codefendant, "each being aided by the other," acted in concert to forcibly steal property from the victim. County Court instructed the jury that the People were required to prove that defendant forcibly stole property from the victim and that he was aided in doing so by another person actually present. The court's charge thus cast defendant as the principal and

the codefendant as the person who aided in the robbery.  The court refused to instruct the jury on accessorial liability, thereby taking "the question of accessorial liability . . . out of the case" (*People v Dlugash*, 41 NY2d 725, 731).

The evidence, however, failed to establish that defendant acted as the principal in the robbery.  Rather, the evidence supported two equally strong inferences that defendant acted as the principal or that the codefendant acted as such.  Despite the absence of evidence making either inference stronger than the other, the jury assigned more weight to the inference that defendant acted as the principal.  Consequently, we conclude that the jury "failed to give the evidence the weight it should be accorded" (*Bleakley*, 69 NY2d at 495).

In view of our determination, we need not address defendant's remaining contentions.

Entered:  April 29, 2011                    Patricia L. Morgan
                                            Clerk of the Court