# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1219

KA 12-02217

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JACQUETTA B. SIMMONS, DEFENDANT-APPELLANT.

---

ANN M. NICHOLS, BUFFALO, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered November 14, 2012. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is modified as a matter of discretion in the interest of justice by reducing the sentence to a definite term of imprisonment of one year and as modified the judgment is affirmed and the matter is remitted to Genesee County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: On appeal from a judgment convicting her following a jury trial of assault in the second degree (Penal Law § 120.05 [12]), defendant contends that the verdict is against the weight of the evidence. We reject that contention. "Viewing the evidence in a neutral light and weighing the probative value of the conflicting testimony and the conflicting inferences that could be drawn, while deferring to the jurors' ability to observe the witnesses and assess their credibility, aided by the video recording, we find that it was not contrary to the weight of the credible evidence for the jury to find that defendant" intentionally punched the victim (*People v Purvis*, 90 AD3d 1339, 1341, *lv denied* 18 NY3d 997; *see e.g. People v Woodring*, 48 AD3d 1273, 1275, *lv denied* 10 NY3d 846; *People v Gibbs*, 34 AD3d 1120, 1121-1122; *People v Thomas*, 24 AD3d 1242, 1243, *lv denied* 6 NY3d 819; *see generally People v Bleakley*, 69 NY2d 490, 495).

We agree with defendant, however, that the sentence is unduly harsh and severe under the circumstances of this case, and we therefore modify the judgment by reducing the sentence as a matter of discretion in the interest of justice to a definite term of imprisonment of one year (*see generally* CPL 470.15 [6] [b]).

We have reviewed defendant's remaining contention and conclude that it lacks merit.

All concur except SCONIERS, J., who dissents and votes to reverse in accordance with the following Memorandum:  I respectfully dissent because, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), in my view the verdict convicting defendant of assault in the second degree (Penal Law § 120.05 [12]) is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  I would therefore reverse the judgment of conviction and dismiss the indictment.  Where, as here, a different finding from that reached by the jury would not have been unreasonable, we must " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*id.*), and then we must "decide[] whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*Danielson*, 9 NY3d at 348; *see People v Lamar*, 83 AD3d 1546, 1546-1547).  When considering all of the evidence in the record, including the surveillance video, I conclude that the credible evidence is more consistent with the testimony of the defense witnesses that defendant's arm was grabbed by someone who was behind her and that she accidently struck the victim when she aggressively pulled away from that person's grasp.

Entered:  January 3, 2014                          Frances E. Cafarell
                                                   Clerk of the Court