People v Porcari (2022 NY Slip Op 03746)

People v Porcari

2022 NY Slip Op 03746

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2020-07556
 (Ind. No. 19-00432)

[*1]The People of the State of New York, respondent,
v
Lawrence Porcari, appellant.

Mischel & Horn, P.C., New York, NY (Richard E. Mischel of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Andrew W. Amend and Matthew Keller of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (David S. Zuckerman, J.), rendered September 9, 2020, convicting him of corrupting the government in the first degree, grand larceny in the second degree as a crime of public corruption, defrauding the government, offering a false instrument for filing in the first degree (three counts), and offering a false instrument for filing in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (see People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant also contends that the County Court erred by denying, without a hearing, his motion pursuant to CPL 330.30 to set aside the verdict based on alleged juror misconduct. In support of the motion, the defendant averred that he learned after trial that he knew the father of one of the jurors, and that the defendant and the juror's father had prior "heated discussions." The defendant asserted that the juror failed to disclose her father's connection to the defendant during jury selection or the trial. The defendant also argued that the juror concealed during jury selection that her brother worked for a District Attorney's Office.
Pursuant to CPL 330.30(2), the court may, upon motion by the defendant, set aside the verdict on the ground that "during the trial there occurred, out of the presence of the court, improper conduct by a juror . . . which may have affected a substantial right of the defendant and which was not known to the defendant prior to the rendition of the verdict." Here, as the County [*2]Court found, the alleged juror misconduct involved conduct which occurred in the presence of the court, and thus, there is no basis to set aside the verdict pursuant to CPL 330.30(2) (see People v Thomas, 24 AD3d 1242, 1243; cf. People v Marsden, 88 AD3d 909, 910). Further, to the extent the defendant asserts that a hearing is needed to determine whether the juror had any discussions with her father or brother about the defendant during the trial, the defendant is not entitled to a hearing based on mere speculation that the juror might have engaged in misconduct (see People v Brooks, 134 AD3d 574, 576, affd 31 NY3d 939).
The defendant's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court