■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN L. CLARK, Appellant.—Judgment unanimously affirmed. Memorandum: The prosecutor properly used the witness's prior statements and testimony in an attempt to refresh the recollection of the witness. The prosecutor did not improperly disclose their contents to the jury *(see,* CPL 60.35 [3]; *People v Reed,* 40 NY2d 204, 207; *cf., People v Barber,* 179 AD2d 1002; *People v Navarette,* 131 AD2d 326, 328-329, *lv denied* 70 NY2d 705). Contrary to defendant's contention, the prosecutor neither implied that the witness's prior statement and testimony could be considered as evidence in chief nor asked leading questions of the witness in order to apprise the jury of the gist of her prior statement and testimony. The trial court did not err in allowing the prosecutor to direct leading questions to the witness, who was patently unwilling, reluctant and hostile *(see, People v Marshall,* 144 AD2d 1005, *lv denied* 73 NY2d 893).

There is no merit to defendant's contention that the court's charge on sexual abuse in the first degree varied the theory of the prosecution's case or that the charge prejudiced defendant

because defendant could have been convicted of that crime whether the victim was clothed or unclothed at the time of the alleged incident. " 'Sexual contact' * * * includes the touching of the actor by the victim, as well as the touching of the victim by the actor, whether directly or through clothing" (Penal Law § 130.00 [3]; *see also, People v Wali,* 161 AD2d 742; *People v Scott,* 124 AD2d 974, *lv denied* 69 NY2d 717). Similarly, the People were not required to "prove more than those factual allegations [of the indictment] necessary to support a conviction" *(People v Grega,* 72 NY2d 489, 497; *see also, People v Rooney,* 57 NY2d 822, 823). The People, therefore, were not required to prove that the victim was unclothed at the time the sexual abuse was alleged to have occurred.

Finally, we conclude that, "viewed in totality and as of the time of the representation" *(People v Baldi,* 54 NY2d 137, 147), the record demonstrates that defendant's trial counsel provided meaningful representation *(see, People v Rivera,* 71 NY2d 705, 708-709). (Appeal from Judgment of Steuben County Court, Scudder, J.—Sexual Abuse, 1st Degree.) Present —Callahan, J. P., Boomer, Balio, Lawton and Davis. JJ.