▉ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK A. PRENTICE, Appellant. [617 NYS2d 570] —Crew III, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered September 17, 1993, upon a verdict convicting defendant of the crimes of assault in the first degree and burglary in the first degree.

In August 1988, Lawrence Meeker was assaulted in his home in the Town of Enfield, Tompkins County. As the result of a State Police investigation, defendant was indicted and charged with two counts each of burglary in the first degree, robbery in the first degree and assault in the first degree. The case proceeded to trial and after several days of testimony, including that of the victim, defendant pleaded guilty to the indictment and was sentenced to, *inter alia,* an indeterminate term of imprisonment of 12½ to 25 years on the robbery and burglary counts. This Court affirmed defendant's conviction *(see, People v Prentice,* 175 AD2d 315, *lv denied* 78 NY2d 1079).

Following appeal, defendant brought a CPL article 440 motion to vacate the judgment on the ground that State Police Investigator David Harding had manufactured fingerprint evidence against defendant.* County Court granted the motion and dismissed the indictment with leave to the People to re-present the case to the Grand Jury. Defendant was thereafter reindicted and charged with burglary in the first degree and assault in the first degree for which he was convicted, after trial, and sentenced as a second felony offender to concurrent terms of incarceration of 12½ to 25 years for burglary and 7½ to 15 years for assault. This appeal ensued.

Defendant contends that he was denied his constitutional right to present a defense. We agree. The gravamen of defendant's defense was that the State Police fabricated evidence and manipulated witnesses in order to wrongfully obtain a conviction. In support of that defense, defendant moved for an order compelling the production of Harding as a witness *(see,*

---

* Harding was convicted and imprisoned as the result of his fabrication of evidence against defendant.

CPL 630.10). In support of that application, defendant submitted the affidavit of Harding which provided, *inter alia,* that "[o]ther members of the New York State Police participating in the investigation of the assault of Lawrence Meeker * * * knew of, and participated in, the fabrication of evidence and the presentation of false evidence against [defendant]". The affidavit continued that, on the advice of counsel, Harding would not articulate in his affidavit the other evidence of fabrication but was prepared to articulate such evidence under force of subpoena. Counsel for defendant submitted a letter from the Special Prosecutor who prosecuted Harding indicating that Harding had accused the State Police Investigator in charge of defendant's investigation, Gary Allen, of complicity in the fabrication of evidence against defendant and an affidavit of an accomplice who alleged that the same investigator coerced him into implicating defendant. Finally, defendant's attorney averred that Harding had confided to him that Allen was personally involved in the fabrication of evidence against defendant.

It is axiomatic that a defendant has a constitutional right to present a defense *(see, People v Hudy,* 73 NY2d 40); the right to produce witnesses in support of that defense is fundamental and, absent a showing of bad faith, an application demonstrating that the testimony of a potential witness is relevant to such defense should be granted *(see, People v Murray,* 79 AD2d 993; *see also, People v Gilliam,* 37 NY2d 722, *revg on dissenting mem below* 45 AD2d 744). Under the circumstances of this case, we deem County Court's denial of defendant's application to be an abuse of discretion. Given our decision with regard to defendant's application to produce Harding, it is unnecessary to reach defendant's remaining contentions except to note that we do not believe defendant was deprived of the right to confront witnesses as a result of the introduction of the prior sworn testimony of the deceased victim.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Tompkins County for a new trial.