THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ROZANSKI, Appellant. [619 NYS2d 441] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of nine counts each of sexual abuse in the first and second degrees and one count each of assault in the second and third degrees and attempted rape in the first and second degrees. There is sufficient evidence to support defendant's conviction of assault in the second degree. Defendant hit the victim several times with an extension cord or belt, stating that she would "feel it this time." The victim had whip marks on her arms and back that were observed and photographed by her teacher. That evidence is sufficient to demonstrate that defendant intended to cause physical injury to the victim using a dangerous instrument.

The evidence of forcible compulsion, an element of the nine counts of sexual abuse in the first degree and attempted rape in the first degree, is likewise sufficient. The victim testified that defendant slapped her in the face and grabbed her by the arm or leg to force her to engage in sexual acts. She testified that he made repeated threats to kill her if she would not engage in sexual acts or if she told anyone about them, and that he told her that, if he got into trouble for what he had done to her, he would get out of jail, find her and kill her. He also threatened to kill her and cut her body into small pieces so that no one would know that she was dead. The victim's fear of defendant was reasonable in light of the tender age of the victim and evidence of defendant's acts of physical abuse against her and her sister *(see, People v Hill,* 163 AD2d 852, 852-853, *lv denied* 76 NY2d 940).

Although County Court erred in giving a no inference charge in the absence of a request by defendant *(see,* CPL 300.10 [2]), defendant did not object to the charge as given, thereby failing to preserve for review his present argument *(see,* CPL 470.05 [2]). In any event, in light of the overwhelming proof of defendant's guilt, the error is harmless *(see, People v Goncalves,* 143 AD2d 530, *lv denied* 73 NY2d 855). The court properly allowed the prosecutor to use leading

questions in her direct examination of defendant's wife because that witness was patently reluctant and hostile *(see, People v Clark,* 181 AD2d 1028, *lv denied* 80 NY2d 895).

Defendant subjected two young girls to several months of physical and sexual abuse. In light of the circumstances, we decline to modify defendant's sentence as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [b]). We have reviewed defendant's remaining contentions and conclude that they are lacking in merit. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Sexual Abuse, 1st Degree.) Present—Denman, P. J., Green, Fallon, Wesley and Doerr, JJ.