THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER FIELDS, Appellant. [673 NYS2d 963] —Judgment unanimously affirmed. Memorandum: We reject the contention that defendant was denied effective assistance of counsel. Defense counsel's failure to make a timely written motion to suppress the jacket seized by police after their warrantless entry into defendant's apartment did not deprive defendant of meaningful representation (*see, People v Godbold,* 231 AD2d 910, *lv denied* 89 NY2d 922; *see generally, People v Ford,* 86 NY2d 397, 404).

We have examined defendant's remaining contention and conclude that it is lacking in merit. (Appeal from Judgment of Onondaga County Court, Burke, J.—Attempted Criminal Possession Weapon, 2nd Degree.) Present—Green, J. P., Lawton, Pigott, Jr., Callahan and Balio, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN DAVIS, Appellant. [673 NYS2d 964] —Judgment unanimously affirmed. Memorandum: In the absence of a request by defendant for an adverse inference charge, County Court erred in charging the jury that no adverse inference should be drawn from defendant's failure to testify (*see,* CPL 300.10 [2]; *People v Rozanski,* 209 AD2d 1018, *lv denied* 84 NY2d 1038; *People v Monk,* 192 AD2d 1081, *lv denied* 81 NY2d 1077). The error, however, is harmless. Proof of defendant's guilt is overwhelming, and there is no reasonable possibility that the error might have contributed to defendant's conviction (*see, People v Crimmins,* 36 NY2d 230, 237; *People v Monk, supra; People v Goncalves,* 143 AD2d 530, *lv denied* 73 NY2d 855). (Appeal from Judgment of Monroe County Court, Smith, J.—Murder, 2nd Degree.) Present—Green, J. P., Lawton, Pigott, Jr., Callahan and Balio, JJ.