■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON DETRIC BROWN, JR., Appellant. [718 NYS2d 688] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of, *inter alia,* burglary in the first degree (Penal Law § 140.30 [2]), defendant contends that reversal is required because the preselection statements of a prospective juror demonstrated that she was predisposed to find defendant guilty; thus, she was grossly unqualified to serve on the jury. We disagree. County Court properly denied defendant's motion pursuant to CPL 330.30 (2) to set aside the verdict based on alleged juror misconduct. After a hearing on the motion, the court concluded that the conversation was general and demonstrated that the juror was fair and impartial. "It is fundamental that an accused person is entitled to be tried by a fair and impartial jury since the protections afforded an accused at trial are of little value where the jury is not free from bias" (*People v Gonzales,* 228 AD2d 722, *lv denied* 88 NY2d 1021). "To prevail [on a motion to set aside a verdict for juror misconduct,] defendant must not only prove misconduct by a preponderance of the evidence * * * but he must also show that it created a 'substantial risk of prejudice'" (*People v Rhodes,* 92 AD2d 744, 745). The court's determination that there was no misconduct or prejudice must be afforded great weight and we see no basis to disturb it (*see, People v Demetsenare,* 243 AD2d 777, 778, *lv denied* 91 NY2d 833; *People v Pinckney,* 220 AD2d 539, 539-540, *lv denied* 87 NY2d 906; *see also, People v Rodriguez,* 71 NY2d 214, 219). (Appeal from Judgment of Monroe County Court, Smith, J.—Burglary, 1st Degree.) Present—Green, J. P., Pine, Hayes and Scudder, JJ.