Appeal from a judgment of Supreme Court, Monroe County (Doyle, J.), entered October 21, 1993, convicting defendant after a jury trial of, inter alia, murder in the second degree (three counts).
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of three counts of murder in the second degree (Penal Law § 125.25 [1], [3]) and one count of attempted murder in the second degree (§§ 110.00, 125.25 [1]). Defendant’s contention that Supreme Court did not follow the requisite three-step analysis when defendant raised a Batson challenge is not preserved for our review (see People v Parker, 304 AD2d 146, 156 [2003], lv denied 100 NY2d 585 [2003]; see also People v Crawford, 299 AD2d 848, 849 [2002], lv denied 99 NY2d 653 *986 [2003]) and, in any event, is without merit. At the outset, we note that the issue whether defendant established a prima facie case of discrimination under the first step of the analysis is moot because the court continued with the three-step analysis and ruled on the ultimate issues of purposeful discrimination and pretext (see People v Smocum, 99 NY2d 418, 422-423 [2003]; People v James, 99 NY2d 264, 270 [2002]; People v Payne, 88 NY2d 172, 181-182 [1996]). The prosecutor met his burden of production in this case under step two of the analysis by setting forth facially race-neutral reasons for exercising a peremptory challenge with respect to a black juror (see Smocum, 99 NY2d at 423). The court accepted the prosecutor’s race-neutral reasons and denied the challenge, thereby implicitly determining that those reasons were not pretextual (see Parker, 304 AD2d at 156-157). That determination is entitled to great deference and is supported by the record (see People v Barney, 295 AD2d 1001, 1001-1002 [2002], lv denied 98 NY2d 766 [2002]; People v Jones, 289 AD2d 962 [2001], lv denied 98 NY2d 652 [2002]; People v Carelock, 278 AD2d 851 [2000], lv denied 96 NY2d 757 [2001]).
The court properly denied defendant’s motion to set aside the verdict based upon juror misconduct (see CPL 330.30 [2]). Defendant made the motion after it was revealed that a juror had knowledge of the layout of the apartment where the crime was committed and shared that knowledge with the other jurors. The juror was familiar with the apartment because he had installed appliances at that apartment complex. At the hearing on the motion, the juror in question testified that, although he believed that a diagram of the apartment that was introduced in evidence was inaccurate, his knowledge of the layout of the apartment did not affect his verdict. In addition, the other jurors who testified at the hearing indicated that they were not influenced by that juror’s comments. Thus, under the facts of this case, defendant was not prejudiced by the juror’s comments during deliberation (see generally People v Maragh, 94 NY2d 569, 573-574 [2000]; People v Brown, 48 NY2d 388, 393 [1979]).
Defendant failed to preserve for our review his contention that the court erred in charging the jury that it was to draw no adverse inference from defendant’s failure to testify in the absence of any request from defendant to so charge (see People v Rozanski, 209 AD2d 1018 [1994], lv denied 84 NY2d 1038 [1995]). In any event, the error is harmless (see People v Koberstein, 66 NY2d 989, 991 [1985]; People v Davis, 251 AD2d 1072 [1998], lv denied 92 NY2d 895 [1998]; Rozanski, 209 AD2d at 1018). Because attempted manslaughter in the first degree *987 (Penal Law §§ 110.00, 125.20 [1]) is a nonexistent crime, the court properly denied defendant’s request to charge it as a lesser included offense of attempted murder in the second degree (see People v Martinez, 81 NY2d 810, 811-812 [1993]; People v McDavis, 97 AD2d 302, 303-304 [1983]). The court also properly denied defendant’s request to charge the affirmative defense of extreme emotional disturbance (see Penal Law § 125.25 [1] [a]) because the evidence did not support such a charge (see People v Savage, 148 AD2d 553 [1989], lv denied 74 NY2d 668 [1989]; see generally People v Roche, 98 NY2d 70, 75 [2002]). The court did not abuse its discretion in admitting a videotape of the crime scene in evidence (see People v Hill, 281 AD2d 917, 918 [2001], lv denied 96 NY2d 902 [2001]; People v Law, 273 AD2d 897, 898 [2000], lv denied 95 NY2d 965 [2000]).
By presenting evidence after the court denied his motion to dismiss the third count of the indictment, defendant waived review of the court’s denial of his motion at the close of the People’s proof, and defendant failed to renew the motion at the close of all the proof (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]; People v Zeigler, 305 AD2d 1100 [2003]). In any event, the court properly denied the motion, inasmuch as the evidence is legally sufficient to support the conviction on that charge. Defendant did not preserve for our review his contention that the court improperly charged accomplice liability with respect to the lesser included offense of manslaughter in the first degree under count one of the indictment (see CPL 470.05 [2]). In any event, that contention is without merit because a defendant may be convicted of manslaughter in the first degree as either a principal or an accessory (see People v Lewis, 300 AD2d 827, 829 [2002], lv denied 99 NY2d 630 [2003]; People v Kellogg, 210 AD2d 912, 913 [1994], lv denied 86 NY2d 737 [1995]). We have reviewed defendant’s remaining contentions and conclude that they are without merit. Present—Pine, J.P, Hurlbutt, Kehoe, Lawton and Hayes, JJ.