THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROYAL C. CARMICHAEL, Appellant. [891 NYS2d 574]—

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [former (1)]). We agree

with defendant that the evidence is legally insufficient to support his conviction of criminal possession of a weapon in the third degree (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and we therefore modify the judgment accordingly. That count concerned defendant's alleged possession of a firearm approximately four days after the victim was murdered. Following defendant's arrest on that date, the police asked defendant to disclose the location of the weapon he used in the crime. Defendant replied that the gun was in a safe located on a closet shelf in his mother's bedroom and that he lived in his mother's house. Defendant gave the police an incorrect combination to the safe, and the police were able to open it only after defendant's mother retrieved the correct combination from a slip of paper in her purse. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that there is no valid line of reasoning and permissible inferences to support the conclusion that defendant exercised dominion and control over the safe, the bedroom in which the safe was located, or his mother, and thus the evidence is legally insufficient to establish that defendant was in constructive possession of the firearm on the date of his arrest (*see People v Manini*, 79 NY2d 561, 573-574 [1992]; *People v Edwards*, 39 AD3d 1078, 1079 [2007]; *cf. People v Ortiz*, 61 AD3d 779 [2009], *lv denied* 13 NY3d 748 [2009]; *see generally Bleakley*, 69 NY2d at 495).

We reject the further contention of defendant that the evidence is legally insufficient to support his conviction of murder in the second degree (*see generally id.*). Viewing the evidence in light of the elements of that crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we also reject defendant's contention that the verdict with respect thereto is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Contrary to the contention of defendant, we conclude that Supreme Court properly denied his motion pursuant to CPL 330.30 (2) seeking to set aside the verdict based on juror misconduct. In order to prevail on that motion, defendant was required to establish "by a preponderance of the evidence that improper conduct by a juror prejudiced a substantial right of" defendant (*People v McDonald*, 40 AD3d 1125 [2007], *lv denied* 9 NY3d 878 [2007]; *see People v Brown*, 278 AD2d 920 [2000], *lv denied* 96 NY2d 781 [2001]; *People v Adams*, 278 AD2d 920, 920-921 [2000], *lv denied* 96 NY2d 825 [2001]; *see generally People v Irizarry*, 83 NY2d 557, 561 [1994]). The juror in question conducted Internet research on the issue whether the

gunshot wound was a close contact wound or one inflicted from a distance. At the hearing conducted on the motion, however, the juror testified that his research disclosed no information that was helpful to him, that he remained confused about the issue even after conducting his research, and that he consequently based his verdict only on the evidence presented at the trial. We note in addition that the only juror with knowledge of the other juror's Internet research testified at the hearing that he had made a determination concerning whether the gunshot wound was a close contact wound or one inflicted from a distance before learning of the Internet research, that the Internet research did not affect either his decision on that issue or his verdict, and that he arrived at his verdict based on the evidence presented at the trial. Present—Scudder, P.J., Smith, Peradotto, Green and Gorski, JJ.