# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

599

KA 10-01043

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

NATHAN BAXTER, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered July 29, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and resisting arrest.

It is hereby ORDERED that the judgment so appealed from is reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and resisting arrest (§ 205.30). Defendant failed to preserve for our review his contention that County Court "did not follow the requisite three-step analysis when he raised a *Batson* challenge" (*People v Collins*, 63 AD3d 1609, 1610, *lv denied* 13 NY3d 795; *see People v Robinson*, 1 AD3d 985, 985-986, *lv denied* 1 NY3d 633, *reconsideration denied* 2 NY3d 805).

In any event, that contention is without merit, as is defendant's further contention that the court erred in denying his *Batson* challenge. The law is well settled that, "[u]nder *Batson* and its progeny, the party claiming discriminatory use of peremptories must first make out a prima facie case of purposeful discrimination by showing that the facts and circumstances of the voir dire raise an inference that the other party excused one or more jurors for an impermissible reason . . . Once a prima facie showing of discrimination is made, the nonmovant must come forward with a race-neutral explanation for each challenged peremptory--step two . . . The third step of the *Batson* inquiry requires the trial court to make an ultimate determination on the issue of discriminatory intent based on all of the facts and circumstances presented" (*People v Smocum*, 99 NY2d 418, 421-422; *see People v James*, 99 NY2d 264, 270-271). Defendant's contention regarding the first prong of the test is

not at issue because where, as here, the prosecution "has placed its race-neutral reasons [for exercising a challenge] on the record . . . , the sufficiency of the prima facie showing becomes 'moot' " (*People v Hecker*, 15 NY3d 625, 652; *see People v Payne*, 88 NY2d 172, 182).  Furthermore, we conclude that the prosecutor "met [her] burden under step two of the analysis and that the court properly 'denied [defendant's *Batson*] challenge, thereby implicitly determining that [the prosecutor's] reasons [for exercising the peremptory challenge] were not pretextual' under step three" (*People v Scott*, 31 AD3d 1165, 1165, *lv denied* 7 NY3d 851; *see Robinson*, 1 AD3d at 986).

Defendant failed to preserve for our review his further contention that the court erred in questioning him during the trial and thereby deprived him of a fair trial (*see People v Charleston*, 56 NY2d 886, 887; *People v Valle*, 70 AD3d 1386, 1387, *lv denied* 15 NY3d 758; *People v Smalls*, 293 AD2d 500, 500-501, *lv denied* 98 NY2d 681).  In any event, we reject that contention.  "Although some of the court's comments and interventions were inappropriate, they were not so egregious as to deprive defendant of a fair trial" (*People v Rios-Davilla*, 64 AD3d 482, 483, *lv denied* 13 NY3d 838; *cf. People v Arnold*, 98 NY2d 63, 67-69), particularly in view of the fact that they concerned only a tangential issue regarding the precise location of a potential witness at the time of the crime.

Defendant failed to preserve for our review his contention that the testimony of a detective at the suppression hearing "was patently tailored to nullify constitutional objections and was incredible as a matter of law" (*People v Watson*, 90 AD3d 1666, 1667, *lv denied* 19 NY3d 868; *see People v Inge*, 90 AD3d 675, 676, *lv denied* 18 NY3d 958; *People v Barnwell*, 40 AD3d 774, 775, *lv denied* 9 NY3d 920).  In any event, that contention is without merit inasmuch as the detective's testimony that he could observe a weapon in defendant's lap through a partly open window in broad daylight is not patently unbelievable. Defendant's remaining contentions with respect to the detective are outside the record on appeal and thus are properly the subject of a motion pursuant to CPL article 440 (*see generally People v Stachnik*, 101 AD3d 1590, 1591, *lv denied* 20 NY3d 1104).

Defendant's contention that he was denied his constitutional right to present a defense is not preserved for our review (*see People v Lane*, 7 NY3d 888, 889; *People v Lee*, 96 NY2d 157, 163).  We nevertheless review defendant's related evidentiary challenge to the court's denial of his request for an order to produce a proposed inmate witness at trial inasmuch as that contention is properly before us, and we conclude that such contention requires reversal.  CPL 630.10 provides for the attendance of an inmate witness in a criminal action or proceeding upon a demonstration of "reasonable cause to believe that such person possesses information material" to such proceeding.  Here, defendant made the requisite showing under that statute, and the court abused its discretion in refusing to order the production of the subject inmate witness whose testimony defendant sought to present at trial (*see People v Prentice*, 208 AD2d 1064, 1064-1065, *lv dismissed* 84 NY2d 1037; *see generally People v Aska*, 91

NY2d 979, 980-981). There is no dispute that the proposed inmate witness spoke to the driver of the vehicle in which defendant was a passenger just before defendant's arrest. The proposed witness was at a distance of between 20 feet and 20 yards from the vehicle at the time of defendant's arrest. Moreover, we note that there was no fingerprint evidence in this case, which involved a top count of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), and the issue of defendant's guilt turned largely on the testimony of two police detectives. We cannot countenance the court's refusal to allow defendant to present the testimony of a witness who might have supported defendant's version of events.

Moreover, in refusing to order the production of the proposed inmate witness, the court relied largely on the contents of a letter defendant had written to the proposed inmate witness regarding that witness's anticipated testimony at trial. It is undisputed, however, that the proposed inmate witness never received the letter and knew nothing of that correspondence, and the court's focus on such letter in denying defendant's request to produce that witness reflects a misunderstanding of defendant's request. Indeed, we note that, on the record before us and in the absence of a jury evaluation of the testimony of the proposed inmate witness (*see generally People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942), we are unable to ascertain whether the letter was an attempt to suborn perjury or was instead an inartful but truthful reflection of defendant's own version of events and an indication to the proposed inmate witness of what that version was. We therefore reverse the judgment and grant defendant a new trial. In view of our determination, we do not address defendant's remaining contentions.

All concur except Smith, J.P., and Valentino, J., who dissent and vote to affirm in the following Memorandum: We respectfully disagree with the majority that County Court erred in denying defendant's request for an order to produce an incarcerated witness at trial, and we therefore dissent. Initially, we agree with the majority that defendant failed to preserve for our review his constitutional challenge to the denial of his request (*see People v Lane*, 7 NY3d 888, 889; *People v Little*, 24 AD3d 1244, 1245, *lv denied* 6 NY3d 835). We further agree that defendant requested an order directing the production of the incarcerated witness and thus preserved for our review his contention that the court erred in denying that request. We conclude, however, that defendant failed to meet his burden with respect to his request, and thus the court properly denied it.

A trial court may issue an order directing the production of "a person confined in an institution within this state . . . , upon application of a party to a criminal action or proceeding, demonstrating reasonable cause to believe that such person possesses information material thereto" (CPL 630.10). In his request for such an order, therefore, defendant was required to provide the court "with some assurance that the witness will be able to give competent material evidence on a matter at issue in the proceeding" (Peter Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 630.10 at 29). Under similar circumstances, when seeking an

adjournment to call a witness, a defendant must make an offer of proof establishing that the testimony of the witness "would be material and favorable to the defense" (*Matter of Anthony M.*, 63 NY2d 270, 284; *see People v Softic*, 17 AD3d 1075, 1076, *lv denied* 5 NY3d 794; *People v Doud*, 280 AD2d 955, 955-956, *lv denied* 96 NY2d 799).  We conclude that defendant must make a similar showing in the situation before us.

Here, defendant did not make an offer of proof regarding the substance of the proposed testimony of the incarcerated witness.  To the contrary, defendant merely intimated that the witness might provide character testimony and might also have unspecified information regarding the facts, without stating the nature or source of that information.  Furthermore, during the oral request for the order at issue, defense counsel indicated that he had never spoken with the witness or had any indirect communication regarding the substance of his possible testimony.  Although we agree with the majority that other evidence at trial established that this witness was present at the scene, that fact alone did not establish that he had material information to provide with respect to the charges.  Indeed, defendant testified that the witness was some distance from the vehicle when the officers approached it, which is when the officers testified that they observed the weapon in defendant's lap.  Consequently, the court properly denied defendant's request because "the defense failed to show that [the] witness[ ] possessed material information" regarding the issues at trial (*People v Thomas*, 148 AD2d 883, 885, *lv denied* 74 NY2d 748; *see People v Wright*, 176 AD2d 1131, 1131, *lv denied* 79 NY2d 866).

Because we agree with the majority regarding defendant's remaining contentions, we would affirm the conviction.

Entered:  July 19, 2013                    Frances E. Cafarell
                                           Clerk of the Court