THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVIN GRIFFIN, Also Known as DEVIN D. GRIFFIN, SR., Appellant. (Appeal No. 1.) [57 NYS3d 315]—

Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered December 14, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that said appeal from the judgment insofar as it imposed sentence on the conviction of criminal possession of a weapon in the third degree is unanimously dismissed and the judgment is affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]) and, in appeal No. 2, he appeals from a resentence in connection with his conviction of criminal possession of a weapon in the third degree. As a preliminary matter, we dismiss the appeal from the resentence in appeal No. 2 because defendant raises no contentions with respect thereto (*see People v Scholz*, 125 AD3d 1492, 1492 [2015], *lv denied* 25 NY3d 1077 [2015]).

Contrary to defendant's contention, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457 [2009], *lv denied* 13 NY3d 942 [2010] [internal quotation marks omitted]) and "[w]here, as here, the defendant's challenge is focused upon the credibility of the witnesses, we [must] accord 'great deference to the resolution of credibility issues by the trier of fact because those who see and hear the witnesses can assess their credibility and reliability in a manner that is far superior to that of reviewing judges who must rely on the printed record' " (*People v Cole*, 111 AD3d 1301, 1302 [2013], *lv denied* 23 NY3d 1019 [2014], *denied reconsideration* 23 NY3d 1060 [2014]).

Defendant contends that County Court erred in refusing to grant his motion for a mistrial. We reject that contention. Defendant's motion was based upon the prosecutor's cross-examination of a defense witness with questions implying that defendant had threatened the witness to testify, particularly through two of defendant's friends who were spectators in the courtroom. Inasmuch as we construe defendant's contention to be based on alleged prosecutorial misconduct, we note that reversal is warranted only if the misconduct has caused such substantial prejudice to defendant that he was denied due process of law (*see People v Jones*, 100 AD3d 1362, 1366 [2012], *lv denied* 21 NY3d 1005 [2013], *cert denied* 571 US —, 134 S Ct 694 [2013]; *People v Rubin*, 101 AD2d 71, 77 [1984], *lv denied* 63 NY2d 711 [1984]). "In measuring whether substantial prejudice has occurred, one must look at the severity and frequency of the conduct, whether the court took appropriate action to

dilute the effect of that conduct, and whether review of the evidence indicates that without the conduct the same result would undoubtedly have been reached" (*People v Mott*, 94 AD2d 415, 419 [1983]). Here, we conclude that the disputed questions were isolated, and that the court took appropriate action to dilute the effect of the questions by granting the alternative relief requested by defendant, i.e., permitting defense counsel to recall the witness to explain that the two spectators were the witness's cousins, and that they were in the courtroom to support him. We thus conclude that the alleged prosecutorial misconduct did not warrant reversal, and that the court therefore did not abuse its discretion by denying the motion for a mistrial (*see generally People v Ortiz*, 54 NY2d 288, 292 [1981]; *People v Love*, 135 AD2d 1099, 1099 [1987]).

We agree with defendant that the court erred in refusing to admit in evidence a prior consistent statement of a witness, which statement defendant had sought to introduce in order to overcome the People's claim of recent fabrication (*see People v McClean*, 69 NY2d 426, 428 [1987]). We conclude, however, that the error was harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Present—Smith, J.P., Lindley, DeJoseph, NeMoyer and Curran, JJ.