People v Strong (2019 NY Slip Op 03517)





People v Strong


2019 NY Slip Op 03517


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1319 KA 15-00277

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERRANCE L. STRONG, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered November 14, 2014. The judgment convicted defendant, upon a jury verdict, of assault in the second degree (four counts), endangering the welfare of a child (four counts), attempted assault in the second degree and assault in the third degree. 
It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, four counts of assault in the second degree (Penal Law § 120.05 [2]), and one count of attempted assault in the second degree (§§ 110.00, 120.05 [1]). In appeal No. 2, defendant appeals from his resentence on that conviction.
Initially, we dismiss the appeal from the judgment in appeal No. 1 insofar as it imposed sentence because that part of the judgment was superseded by the resentence at issue in appeal No. 2 (see People v Weathington [appeal No. 2], 141 AD3d 1173, 1173 [4th Dept 2016], lv denied 28 NY3d 975 [2016]). We also dismiss the appeal from the resentence in appeal No. 2 inasmuch as defendant has not raised any challenges with respect thereto (see People v Griffin, 151 AD3d 1824, 1825 [4th Dept 2017], lv denied 30 NY3d 949 [2017]).
We reject defendant's contention that Supreme Court erred in denying his challenge for cause to a prospective juror. Although no "particular expurgatory oath or talismanic' words [are required,] . . . [prospective] jurors must clearly express that any prior experiences or opinions that reveal the potential for bias will not prevent them from reaching an impartial verdict" (People v Arnold, 96 NY2d 358, 362 [2001]; see People v Mitchum, 130 AD3d 1466, 1467 [4th Dept 2015]). Here, when a prospective juror's answers raised a concern, the court and defense counsel elicited unequivocal statements from the prospective juror that she would "decide the case impartially and based on the evidence" (People v Garcia, 148 AD3d 1559, 1560 [4th Dept 2017], lv denied 30 NY3d 980 [2017] [internal quotation marks omitted]).
We reject defendant's further contention that the court erred in denying his request to charge the jury with assault in the third degree as a lesser included offense of each of the assault in the second degree counts (see People v Vaughn, 36 AD3d 434, 436 [1st Dept 2007], lv denied 9 NY3d 870 [2007], cert denied 552 US 1284 [2008]; People v Saunders, 292 AD2d 780, 781 [4th Dept 2002], lv denied 98 NY2d 681 [2002]). "To establish a charge on a lesser included offense, a defendant must show both that the greater crime cannot be committed without having concomitantly committed the lesser by the same conduct, and that a reasonable view of the evidence supports a finding that he or she committed the lesser, but not the greater, offense" (People v James, 11 NY3d 886, 888 [2008]). Here, it is undisputed that the first prong of that [*2]test is satisfied because assault in the third degree (Penal Law § 120.00 [1]) is a lesser included offense of assault in the second degree as charged in the indictment (§ 120.05 [2]; see People v Smith, 121 AD3d 1568, 1569 [4th Dept 2014], lv denied 26 NY3d 1150 [2016]). With respect to the second prong, however, we conclude that there is no reasonable view of the evidence to support a finding that defendant "intended to cause physical injury to the victim[s] and that he caused physical injury to the victim[s], but that he did not do so by means of . . . a dangerous instrument' " (People v Brown, 117 AD3d 1536, 1538 [4th Dept 2014], quoting § 120.05 [2]; see People v Agina, 163 AD3d 980, 980 [2d Dept 2018], lv denied 32 NY3d 1062 [2018]).
The record amply establishes that defendant repeatedly struck the victims with a folded-over extension cord, leaving scars on both victims that were still visible months after the beatings. Under the circumstances in which the extension cord was used, it was "readily capable of causing . . . serious physical injury" (Penal Law § 10.00 [13]), and therefore constituted a dangerous instrument (see People v Rozanski, 209 AD2d 1018, 1018 [4th Dept 1994], lv denied 84 NY2d 1048 [1995]; see also People v Still, 26 AD3d 816, 817 [4th Dept 2006], lv denied 6 NY3d 853 [2006]).
We have reviewed defendant's remaining contention and conclude that it lacks merit.
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court