People v Swem (2020 NY Slip Op 02435)





People v Swem


2020 NY Slip Op 02435


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


454 KA 19-00164

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER M. SWEM, DEFENDANT-APPELLANT. (APPEAL NO. 1.)






CAITLIN M. CONNELLY, BUFFALO, FOR DEFENDANT-APPELLANT. 
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (PATRICIA L. DZUIBA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered September 7, 2018. The judgment convicted defendant upon a jury verdict of murder in the second degree, assault in the first degree, assault in the second degree, criminal possession of a weapon in the third degree and tampering with physical evidence (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts one through six of the indictment.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]) and assault in the second degree (§ 120.05 [1]). In appeal No. 2, defendant appeals from a resentence on one count. We dismiss the appeal from the resentence in appeal No. 2 inasmuch as defendant raises no contentions with respect thereto (see People v Griffin, 151 AD3d 1824, 1825 [4th Dept 2017], lv denied 30 NY3d 949 [2017]).
Contrary to defendant's contentions in appeal No. 1, we conclude that, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), the evidence is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]) and, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We nevertheless agree with defendant and conclude that County Court erred in denying defendant's request for a circumstantial evidence instruction. The victim was stabbed five times at a crowded house party where there were multiple ongoing fights, and the evidence established that the victim was involved in physical altercations with at least two other partygoers. One of the wounds was almost five inches deep, meaning that the blade of the knife must have been at least five inches long. None of the witnesses who observed defendant fighting with the victim observed anything in defendant's hand during the altercation, and no blood was discovered in the room in which defendant and the victim engaged in their altercation. All of the evidence at trial required the jury to infer that defendant was the perpetrator who had the knife and that he used that knife to stab the victim. We thus conclude that a circumstantial evidence instruction was warranted (see People v Sanchez, 61 NY2d 1022, 1023 [1984]; People v Jones, 105 AD3d 1059, 1060 [2d Dept 2013], lv denied 21 NY3d 1016 [2013]; People v Lynch, 309 AD2d 878, 878 [2d Dept 2003], lv denied 2 NY3d 742 [2004]; cf. People v Lewis, 300 AD2d 827, 828-829 [3d Dept 2002], lv denied 99 NY2d 630 [2003]; People v Lawrence, 186 AD2d 1016, 1016-1017 [4th Dept 1992], lv denied 81 NY2d 790 [1993]). Contrary to the People's contention, this is not "the exceptional case where the failure to give the circumstantial evidence charge was harmless error" (People v Brian, 84 NY2d 887, 889 [1994]; see People v James, 147 AD3d 1211, 1214 [3d Dept 2017], lv denied 29 NY3d 1128 [2017]; cf. Jones, 105 AD3d at 1060). We thus conclude that the [*2]judgment must be reversed and a new trial must be granted on counts one through six of the indictment. In light of our determination, we do not address defendant's remaining contentions.
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court