People v Alvarez (2021 NY Slip Op 00092)





People v Alvarez


2021 NY Slip Op 00092


Decided on January 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 07, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Moulton, González, Scarpulla, JJ. 


Ind No. 840/17 Appeal No. 12794 Case No. 2018-4474 

[*1]The People of the State of New York, Respondent,
v
Clayton Alvarez, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (David Crow of counsel) and Kramer Levin Naftalis & Frankel LLP, New York (Daniel M. Ketani of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jared Wolkowitz of counsel), for respondent.



Judgment, Supreme Court, New York County (Kevin B. McGrath, J. at suppression motion; A. Kirke Bartley, Jr., J. at jury trial and sentencing), rendered April 30, 2018, convicting defendant of burglary in the second degree as a sexually motivated felony and sexual abuse in the first degree, and sentencing him to concurrent terms of four years, unanimously reversed, on the law, and the matter remanded for a new trial.
Defendant is entitled to a new trial because a juror acted extensively as an unsworn expert witness. It is undisputed that during deliberations, a juror who was a retired detective opined on the feasibility of DNA and fingerprint extraction, the likelihood that tests were conducted and evidence was suppressed regarding a set of keys that were in evidence, and the probability that defendant was lying based on his speech patterns and body language. These opinions, which were communicated to and apparently influenced the jury, were within the scope of the juror's specialized expertise and were explicitly offered on the basis thereof, and at least some of these opinions concerned material issues, including defendant's credibility and whether he entered the victim's apartment by mistake (see People v Maragh, 94 NY2d 569, 574 [2000]; People v Jerge, 90 AD3d 1486, 1487-1488 [4th Dept 2011]). We find it unnecessary to reach any other issues relating to the juror.
The motion court correctly found that defendant lacked standing to challenge the search of his phone and its contents because he relinquished any privacy interest by abandoning the phone. However, evidence that defendant accessed a pornography website on the phone shortly before committing the charged offense should have been excluded at trial as improper propensity evidence. This evidence was not admissible to establish defendant's intent in sexually abusing the victim, which could be readily inferred from the charged conduct itself (see People v Leonard, 29 NY3d 1, 8 [2017]). While it may have been admissible to establish defendant's intent in entering the victim's apartment, its probative value was outweighed by its prejudice (see id.), and the admission of this evidence was not harmless. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2021