People v Parrilla (2024 NY Slip Op 02420)

People v Parrilla

2024 NY Slip Op 02420

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, OGDEN, GREENWOOD, AND KEANE, JJ.

179 KA 23-01062

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ELUCIANO PINET PARRILLA, DEFENDANT-APPELLANT. 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a resentence of the Onondaga County Court (Theodore H. Limpert, J.), rendered May 19, 2023. Defendant was resentenced upon his conviction of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the first degree, criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (four counts), criminal possession of a firearm (two counts), and criminal possession of a controlled substance in the seventh degree (two counts). 
It is hereby ORDERED that said appeal is unanimously dismissed.
Memorandum: Defendant appeals from a resentence upon his conviction of one count of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]), one count of criminal sale of a controlled substance in the third degree (§ 220.39 [1]), two counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1]), two counts of criminal possession of a weapon in the second degree (§ 265.03 [3]), four counts of criminal possession of a weapon in the third degree (§ 265.02 [1], [8]), two counts of criminal possession of a firearm (§ 265.01-b [1]), and two counts of criminal possession of a controlled substance in the seventh degree (§ 220.03). Although defendant was originally sentenced on each of those counts following his plea of guilty, County Court thereafter resentenced him, more than 30 days after the original sentence, to amend the periods of postrelease supervision applicable to certain of the counts. Defendant's contentions on appeal regarding the original judgment are thus " 'not properly before us inasmuch as there is no notice of appeal from the original judgment in the record before us, nor is there otherwise any indication in the record that an appeal from that judgment was perfected' " (People v Dexter, 71 AD3d 1504, 1504 [4th Dept 2010], lv denied 14 NY3d 887 [2010]; see People v Williams, 163 AD3d 1420, 1421 [4th Dept 2018]). Inasmuch as defendant does not raise any contentions regarding the resentence, we dismiss the appeal (see generally People v Griffin, 151 AD3d 1824, 1825 [4th Dept 2017], lv denied 30 NY3d 949 [2017]).
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court